# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

816

KA 11-02403

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

DANIEL W. BROTZ, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (NEAL D. FUTERFAS OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (DAVID P. DYS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered October 23, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree (six counts) and identity theft in the third degree (six counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of six counts each of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) and identity theft in the third degree (§ 190.78 [1]), defendant contends that County Court violated CPL 380.50 (1) by not affording him an opportunity to speak at sentencing about the restitution portion of his sentence. Because defendant did not request an opportunity to be heard about restitution, the payment of which was contemplated by the plea agreement, and did not object to the order of restitution on that or indeed any other ground, his contention is unpreserved for our review (*see* CPL 470.05 [2]; *People v McGinn*, 96 AD3d 977, 978, *lv denied* 19 NY3d 998; *People v Sharp*, 56 AD3d 1230, 1231, *lv denied* 11 NY3d 900), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered: July 19, 2013                          Frances E. Cafarell
                                                Clerk of the Court